# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

SHAWN R. BOWEN,                    )
                                   )
    Plaintiff,              )
                                   )
v.                                 )   Case No. CV410-064
                                   )
DISTRICT ATTORNEY LARRY            )
CHISOLM,                           )
                                   )
    Defendants.             )

## REPORT AND RECOMMENDATION

Before the Court is plaintiff Shawn R. Bowen's 42 U.S.C. § 1983 civil rights complaint, which he filed on March 11, 2010. (Doc. 1.) The Court granted Bowen leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 3.) He has returned the two forms, so the case is ready to proceed. (Docs. 4 & 5.)

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28

U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.

Bowen, currently confined in the Chatham County Detention Center, seeks an injunction preventing District Attorney Larry Chisolm from continuing with what he describes as a "bad faith prosecution." (Doc. 1 at 6.) Charged with beating a man with a pipe, Bowen contends that the victim committed perjury. (*Id.* at 5.) Bowen disputes the state's version of the events and requests that the Court intervene to stop the prosecution. (*Id.* at 6.) He also seeks damages for every day that he has been confined. (*Id.*) His claim fails as a matter of law.

The District Attorney, in his *official* capacity, cannot be sued for damages since such suits are barred by Eleventh Amendment sovereign

immunity.[1] *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985) (the Eleventh Amendment prohibits claims for damages against a state unless the state has waived immunity; official capacity suits against state officials are effectively suits against the state, so the same protection applies). And in his *individual* capacity, he is absolutely immune from suit. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). "Absolute immunity protects the prosecutor's role as advocate for the State." *Guzman-Rivera v. Rivera-Cruz*, 55 F.3d 26, 29 (1st Cir. 1995) (citations omitted); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("A prosecutor is absolutely immune from suit for malicious prosecution."). And any injunction by this Court could substantially interfere with, and potentially undermine, the results reached in the state court proceeding.

"Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from

---

[1] "[S]uits against an official in his or her official capacity are suits against the entity the individual represents." *Parker v. Williams*, 862 F.2d 1471, 1476 n.4 (11th Cir. 1989). The question, for purposes of § 1983 liability, of whether an official acts on behalf of the state or county is a question of state law. The Eleventh Circuit has examined this issue and determined that "the district attorney's authority over prosecutorial decisions . . . is vested by state law pursuant to state authority." *Owens v. Fulton County*, 877 F.2d 947, 952 (11th Cir. 1989).

exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) (per curiam) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Consequently, this Court may not interfere with the state court criminal proceeding unless: (1) there is a "great and immediate" danger of irreparable harm to be suffered as a result of the prosecution; (2) the state law is flagrantly and patently violative of the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*, 401 U.S. at 46-54). None of the exceptions to the *Younger* doctrine apply in this case. Bowen should raise his contentions before the state trial court, which is perfectly capable of determining whether his federal rights have been violated. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) ("State courts, like federal courts, are obliged to enforce federal law.").

Bowen's claim for injunctive relief should be **DISMISSED WITHOUT PREJUDICE**.[2]   His claim for damages should be

---

[2] It is the regular practice of federal courts to dismiss cases seeking injunctive relief against pending state criminal actions. *Jackson*, 273 F. App'x at 813-14 (applying *Younger*); *Hudson v. Wanick*, 444 F.2d 218, 218 (5th Cir. 1971) (per curiam) (noting that

4

**DISMISSED WITH PREJUDICE**, since the defendant is immune from suit.

      **SO REPORTED AND RECOMMENDED** this _6th_ day of April, 2010.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

---

dismissal *without prejudice* is the proper course of action in a case seeking to enjoin a state criminal prosecution); *Gray v. Pagano*, 2008 WL 2816087, at *3 (3d Cir. July 23, 2008) (same); *Wasson v. Riverside County*, 234 F. App'x 529, 530 (9th Cir. 2007) (same); *Gauntlett v. Cunningham*, 171 F. App'x 711, 712-13 (10th Cir. 2006) (same); *cf. Samuels v. Mackell*, 401 U.S. 66, 73 (1971) (affirming dismissal of case seeking declaratory judgment without considering the claim on the merits).